# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITRIN AUTO AND HOME INSURANCE COMPANY** | * | |
| v. | * | Civil Action No. CCB-17-3341 |
| **ROBERT KARP**, *et al.* | * | |

## MEMORANDUM

On November 9, 2017, the plaintiff, Unitrin Auto and Home Insurance Company ("Unitrin"), sued defendants Robert Karp and Chaya Karp ("the Karps") and PennyMac Loan Services, LLC ("PennyMac"), seeking a declaratory judgment of Unitrin's obligations pursuant to an insurance policy. On December 27, 2017, Unitrin voluntarily dismissed PennyMac from this case. This matter is before the court on PennyMac's Motion to Vacate Stipulation of Voluntary Dismissal and PennyMac's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons stated below, the court will grant the motion to vacate, and will deny without prejudice the motion to dismiss.

### Factual and Procedural Background

Unitrin maintains a home insurance policy for the Karps' residence at 3911 Glengyle Avenue, Baltimore, Maryland. In its complaint, Unitrin claimed that, on or about June 2, 2017, a leak of home heating oil that had been discharged into the Karps' basement was discovered. On or about June 6, 2017, the leak and discharge was reported to Unitrin, whose representative at the time concluded the resulting damage was covered under the Karps' policy.

Unitrin now alleges this initial conclusion was incorrect, and the damage incurred due to the oil leak was not covered by the insurance policy. As a result, Unitrin seeks a declaratory judgment stating it owes no present or future obligation under the insurance policy for any

damage to real or personal property resulting from the oil leak.[1]

As the Karps' mortgagee, PennyMac maintains a financial interest in their real property. The Karps' policy names PennyMac as the Karps' mortgagee, and, in the policy's mortgage clause, requires any loss payable pursuant to the policy be paid to PennyMac and the Karps. To date, the Karps have not been served with the complaint, nor have they responded to the complaint or otherwise participated in these proceedings.

Unitrin asserted the parties have complete diversity of citizenship based upon the Karps' Maryland residence, Unitrin's New York residence, and PennyMac's Delaware residence. Coupled with the amount in controversy, which exceeds $75,000, Unitrin claimed the court has subject matter jurisdiction under 28 U.S.C. § 1332.

On December 13, 2017, PennyMac filed a Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) ("motion to dismiss"), alleging the court lacked subject matter jurisdiction due to a lack of complete diversity among the parties. PennyMac attached to its motion to dismiss an affidavit signed by Johnny Morton, who identified himself as PennyMac's foreclosure operations supervisor.

In his affidavit, Mr. Morton claimed he had reviewed PennyMac's corporate records and determined that PennyMac is incorporated in Delaware and maintains its principal office in California. Furthermore, Mr. Morton represented that PennyMac is a wholly owned subsidiary of Private National Mortgage Acceptance Company, LLC ("PNMAC"), also an LLC, which is owned by PennyMac Financial Services, Inc. ("PFSI") as well as private investors and management. PFSI, Mr. Morton claimed, is a publicly-traded company incorporated in Delaware and maintains its principal office in California. Mr. Morton claimed PNMAC's

---

[1] Unitrin is not seeking reimbursement of money previously paid for damages resulting from the oil leak.

remaining members are individuals residing in California, New York, and Massachusetts. Based upon one of PNMAC's member's New York residency and Unitrin's New York citizenship, PennyMac claimed the parties do not have complete diversity, and therefore, the court lacks subject matter jurisdiction.

On December 27, 2017, Unitrin filed a Stipulation of Dismissal of Defendant PennyMac Loan Services, LLC. In its stipulation, Unitrin voluntarily dismissed PennyMac because "no matters of coverage pertaining to repair of the physical structure of the subject residence are known to remain unresolved." ECF 9 ¶ 1. Unitrin asserted that only issues of personal property remain unresolved, and that PennyMac, as the real property's mortgagee, has no "known or identifiable interest, financial or legal" in the Karps' personal property, and is not a named party in the insurance policy. *Id.* ¶ 3.

That same day, Unitrin also filed an opposition to PennyMac's motion to dismiss, claiming its dismissal of PennyMac rendered the motion to dismiss moot. Additionally, Unitrin claimed Mr. Morton's affidavit was deficient and lacking in facts or evidence on which the court could reasonably rely to determine subject matter jurisdiction.

On January 10, 2018, PennyMac filed its Motion to Vacate Stipulation of Dismissal ("motion to vacate"), asserting that it maintains a separate and distinct contract with Unitrin stemming from the mortgage clause in the Karps' policy. PennyMac contends that it is a necessary and indispensable party under Fed. R. Civ. P. 19, and that Unitrin's dismissal was an improper attempt to maintain complete diversity.

Furthermore, PennyMac claimed it is an indispensable party due to the high probability of prejudice PennyMac would incur if excluded, the limited protective measures that could be implemented to lessen this prejudice, the inadequacy of any judgment rendered in PennyMac's

3

absence, and the availability of state court as an adequate remedy should the court dismiss this case. ECF 15-1 at pp. 9-10. Accordingly, PennyMac requests the court vacate Unitrin's stipulation of dismissal.

In its opposition, Unitrin asserted that PennyMac's interests are identical to the Karps' interests, and therefore PennyMac is not necessary or indispensable to this case.

## Standard of Review

Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry to determine whether a party is necessary and indispensable. First, a court must determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999)). Second, if a party is necessary but joinder would destroy complete diversity, the court must decide "whether the proceeding can continue in that party's absence." *Id.*

Additionally, "Rule 19 is not to be applied as a 'procedural formula.'" *Hanna*, 750 F.3d at 433 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n. 16 (1968)). Instead, the decision of whether to join a necessary party whose inclusion would destroy diversity "must be made pragmatically, in the context of the 'substance' of each case," *Hanna*, 750 F.3d at 433 (quoting *Provident Tradesmens*, 390 U.S. at 119 n. 16), with consideration of the possible prejudice to all parties, including those not currently before the court. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999). Dismissal of a case is a "drastic remedy [that] should be employed only sparingly," but is required if a non-joined party is necessary, indispensable, and destroys diversity. *Keal*, 173 F.3d at 918; *see Hanna*, 750 F.3d at 433.

4

Plaintiffs have the burden of proving that subject matter jurisdiction exists. See *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In reviewing a Fed. R. Civ. P. 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647. When the jurisdictional facts are intertwined with questions of fact central to the merits of the case, however, it may be appropriate to resolve the entire factual dispute at a later proceeding on the merits. *See United States v. North Carolina*, 180 F.3d 574, 580-81 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Bryant v. Clevelands, Inc.*, 193 F.R.D. 486, 488 (E.D. Va. 2000).

### Analysis

For the reasons stated below, the court will grant PennyMac's motion to vacate, and will deny without prejudice PennyMac's motion to dismiss.

i. **PennyMac's Motion to Vacate**

A party which is necessary and indispensable must be joined to a case even if joinder of that party results in dismissal due to lack of diversity among the parties. *Hanna*, 750 F.3d at 433. A party is necessary if 1) in that person's absence, the court cannot accord complete relief among existing parties, or 2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may either a) as a practical matter impair or impede the person's ability to protect the interest, or b) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because

5

of the interest. Fed. R. Civ. P. 19(a); *Hanna*, 750 F.3d at 434-35.

When joinder of a necessary party destroys diversity among the parties, the court must determine if the non-joined party is indispensable by considering four factors: 1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; 2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; 3) whether a judgment rendered in the person's absence would be adequate; and 4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b). If a party is both necessary and indispensable, and if joinder of that party destroys diversity, then the court must dismiss the case for lack of subject matter jurisdiction. *Hanna*, 750 F.3d at 435-36.

### a. PennyMac is a necessary party due to its separate and distinct contract with Unitrin under the insurance policy's mortgage clause.

The Karps' homeowner's insurance policy created a separate and distinct contract between Unitrin and PennyMac that requires PennyMac be joined in this case.[2] Insurance policies that contain a standard mortgage clause[3] create "a separate contractual relationship between the insurer and mortgagee." *Clemons v. Am. Cas. Co.*, 841 F.Supp. 160, 162 (D.Md. 1993); *see, e.g., Jones v. Wesbanco Bank Parkersburg*, 194 W.Va. 381, 389 (W. Va. 1995) (a named mortgagee in a standard mortgage clause has "an independent and distinct contract with the insurer and is deemed to be an insured to the extent of the balance due it from the property owner."). The policy identifies PennyMac as the Karps' mortgagee, and the mortgage clause

---

[2] The mortgage clause can be found on page 15 of 37 of the Karps' insurance policy. *See* ECF 2 at p. 25 ("If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you [the Karps] as interests appear.").

[3] Unitrin does not contest that the Karps' policy's mortgage clause is a standard mortgage clause. *See Clemons*, 841 F.Supp. at 162 (identifying a mortgage clause which entitles loss payable to be paid to mortgagee and policyholder as a standard mortgage clause); *see also Jones*, 194 W.Va. at 630, 633 (finding that a mortgage clause nearly identical to the Karps' policy's mortgage clause is a standard mortgage clause).

6

entitles PennyMac to receive policy proceeds in relation to the amount of the mortgage. Therefore, PennyMac is insured via the Karps' policy.

PennyMac is necessary to these proceedings pursuant to all three bases for necessity delineated in Fed. R. Civ. P. 19(a). Regarding the first basis under which a party can demonstrate its necessity, PennyMac has established that complete relief cannot be afforded to Unitrin and the Karps without PennyMac's participation. The separate and distinct contract PennyMac has pursuant to the mortgage clause pertains specifically to the real property at issue, whose damage and coverage thereof is at the heart of this matter. Indeed, Unitrin's complaint requests a declaratory judgment regarding any future damage to the home resulting from the oil leak,[4] and PennyMac, as the mortgagee, has a financial interest in the property. In fact, if the court ultimately determined that Unitrin is obligated to continue covering any damages to the property resulting from the oil leak, the payments for such damages may be required to be paid to PennyMac. Thus, complete relief cannot be afforded to the parties without PennyMac's involvement.

Second, PennyMac's ability to protect its financial interest in the property may be impeded by its exclusion from this matter. The Karps have yet to participate in these proceedings, and the parties' status report from September 7, 2018, shows no indication that the Karps ever will participate. ECF 31 at p. 1. Were they to participate, it is unclear how the Karps would proceed, or if they would contest Unitrin's request for a declaratory judgment. At this time, only PennyMac has indicated its intent to pursue its rights under the insurance policy. Were PennyMac to be excluded, it is not outside the realm of possibility that the policy would be

---

[4] Unitrin claimed in its stipulation of dismissal that "no matters of coverage pertaining to repair of the physical structure of the subject residence are known to remain unresolved." ECF 9 at p. 1. However, Unitrin's complaint alleged outstanding issues regarding the real property, and Unitrin has not amended its complaint to reflect the claims in its stipulation. Therefore, the court concludes that matters related to the real property, in which PennyMac has a financial interest, remain outstanding.

7

interpreted in Unitrin's favor due either to the Karps' failure to participate or their failure to meaningfully challenge Unitrin's request.

Furthermore, while Unitrin relies heavily on the holding in *CFI of Wis., Inc. v. Hartford Fire Ins. Co.*, 230 F.R.D. 552 (W.D.Wis. 2005) to argue that PennyMac is not a necessary party to this case, the court in *CFI* limited its decision to apply only to suits brought by insureds against insurers. *CFI*, 230 F.R.D. at 554.[5] In contrast, the *CFI* court noted that, "[c]ourts have held that <u>an injured third-party is a necessary party in a declaratory judgment action by an insurance company seeking to determine its liability</u> arising from an occurrence between its insured and the injured party." *Id.* (citing *Am. Standard Ins. Co. of Wis. v. Rogers*, 123 F.Supp.2d 461, 467 (S.D.Ind. 2000)) (emphasis added).

The *CFI* court explained this discrepancy by noting that "injured parties have a 'substantial right in the viability of the policy." *Id.* (citing *Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co.*, 697 F.Supp. 971, 973 (N.D.Ill. 1988)) (further citation omitted). The insured's desire to enforce that right is not in question when they initiate a suit, but is an open question when the insurer brings suit; thus, exclusion of an injured third party when the insurer brings suit could result in prejudice to the third party's interests simply due to the insured's failure to enforce its rights. *See id.*; *cf. Teague v. Bakker*, 931 F.2d 259, 262 (4th Cir. 1991) (finding that district court erred in denying third-party appellants' request to intervene under Fed. R. Civ. P. 24(a)(2) in declaratory judgment suit brought by insurer against insureds).[6]

---

[5] The *CFI* opinion dealt only with a duty to defend claim brought by the insured against its insurer.

[6] Unitrin also argued that PennyMac's and the Karps' materially identical interests preclude PennyMac from being deemed necessary. ECF 18-1 at p. 7 (citing *Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999); *Sykes v. Hengel*, 220 F.R.D. 593, 597 (S.D. Iowa 2004)). While both *Washington* and *Sykes* held that an absent party may be found unnecessary if its interests were identical to a named party, both holdings were limited to instances where the named party's interests were such that it would undoubtedly make, and be willing and able to make, all of the absent party's arguments. *Washington*, 173 F.3d at 1167; *Sykes*, 220 F.R.D. at 597. Unitrin has failed to establish that the Karps undoubtedly will make all of PennyMac's arguments, and also has failed to prove that the Karps are willing and able to make such arguments. Therefore, PennyMac is not precluded from being deemed necessary on these

8

Third, exclusion of PennyMac from these proceedings would leave Unitrin at risk of being subject to multiple potentially inconsistent obligations. PennyMac has asserted its intent to pursue its rights under the policy in state court were it to be denied participation in this matter. Given that the policy affords PennyMac a separate and distinct contract, PennyMac would be entitled to pursue its rights in state court, leaving both PennyMac and Unitrin vulnerable to differing interpretations of Unitrin's obligations under the policy. Based on the foregoing, PennyMac is a necessary party to this matter under Fed. R. Civ. P. 19.

### b. Due to the likelihood of prejudice against PennyMac if it is not joined, and the availability of an adequate remedy for Unitrin if the case is dismissed, PennyMac is an indispensable party pursuant to Fed. R. Civ. P. 19(b).

Given that PennyMac is a necessary party, and applying the four factors for indispensability in Fed. R. Civ. P. 19(b), PennyMac also is an indispensable party to this case. First, a judgment rendered in PennyMac's absence may prejudice PennyMac, as it is unclear if or how the Karps intend to respond to Unitrin's complaint. Although the merits of Unitrin's complaint remain outstanding, the Karps' failure to assert their rights as policyholders would result in PennyMac's preclusion from receiving payments it may otherwise be entitled to receive.

Second, such prejudice may not be avoided by protective provisions in the judgment or by shaping the relief, given that this is an action for declaratory judgment. If the court were to determine Unitrin owes no further obligation to cover the damages to the Karps' home, PennyMac's exclusion from the case could not be ameliorated by adjusting the judgment. PennyMac's interests under the policy, while part of a separate and distinct contract, are materially identical to the Karps' interests, such that any declaratory ruling regarding Unitrin's obligations under the policy might not be limited solely to the Karps.

---

grounds.

Third, the court is unable to predict at this time if a judgment rendered in PennyMac's absence would be adequate, given the Karps' failure to respond to Unitrin's complaint or otherwise participate in these proceedings thus far.

Fourth, if the court were to dismiss this case for lack of diversity, Unitrin would be able to pursue its request in state court. As Unitrin noted in its complaint, Maryland law controls all outstanding issues in this case, ECF 1 ¶ 10, and the court is not aware of any limitations on Unitrin's ability to seek relief in Maryland state court.

Accordingly, after weighing the four factors to determine whether a party is indispensable, the court concludes PennyMac is an indispensable party to this case. Based on the foregoing, and in consideration of Fed. R. Civ. P. 19 and the Fourth Circuit's requirement that necessary and indispensable parties be joined, the court finds PennyMac is a necessary and indispensable party that should be joined in this case, and therefore will grant PennyMac's motion to vacate.

## ii. PennyMac's Motion to Dismiss

Federal courts have original subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between, *inter alia*, citizens of different states. 28 U.S.C. § 1332(a). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits parties to seek dismissal of a case based upon the court's lack of subject matter jurisdiction, including for lack of complete diversity among a suit's parties.

### a. The motion to dismiss contains insufficient evidence to establish PennyMac's New York residency, and will be denied without prejudice.

The motion to dismiss relies solely upon a signed but unsubstantiated affidavit of one of PennyMac's employees, and thus fails to establish PennyMac's New York residency for the purposes of determining diversity of citizenship. It is "well-settled that the parties'

10

characterization of themselves or their claims is not determinative for federal jurisdiction purposes." *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 615-16 (4th Cir. 2004), *rev'd and remanded on other grounds*, 546 U.S. 81 (2005).

PennyMac correctly asserted that, as a limited liability company, its membership should be determined by assigning it the citizenship of all of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). In its opposition to the motion to dismiss, Unitrin did not contest this assertion, but argued Mr. Morton's affidavit lacked the facts, evidence, or proof of veracity necessary for the court reasonably to conclude that one of PennyMac's members is a New York resident.

The court agrees. Mr. Morton's affidavit, due to its lack of documentation or other substantiation to support its claims, asks the court to assume its validity. As he is an employee of PennyMac, Mr. Morton's unsupported claim that one of PennyMac's members is a New York resident amounts to the kind of self-identification proscribed by *Roche*. *See also Mason v. ILS Tech., LLC*, 2006 WL 3731210, at *1 (W.D.N.C. 2006) (ruling that an LLC's characterization of itself as a citizen of Ohio in its notice for removal was insufficient grounds for removal to state court).[7] Without further evidence of PennyMac's members' citizenship, the court cannot conclude that PennyMac is a citizen of New York for the purpose of determining subject matter jurisdiction. Accordingly, the court will deny PennyMac's motion to dismiss without prejudice to refiling at a later point in this case.

## Conclusion

For the reasons stated above, PennyMac's motion to vacate will be granted, and PennyMac's motion to dismiss will be denied without prejudice to refiling. A separate order

---

[7] Unpublished opinions are cited for the soundness of their reasoning, not for precedential value.

follows.

_____9/26/18_____             _____/s/_____
Date                                           Catherine C. Blake
                                                     United States District Judge